Markman, J. (dissenting).
 

 I respectfully dissent from this Court's order denying leave to appeal for the reasons set forth in my dissenting statement in
 
 Thompson v. Gibson
 
 , --- Mich. ----,
 
 923 N.W.2d 277
 
 ,
 
 2019 WL 1097258
 
 (2019) ( MARKMAN , J., dissenting). This case, as with
 
 Thompson
 
 , concerns whether a landlord possessed constructive notice of a defect within leased premises that caused injury to a tenant. In my judgment, the Court of Appeals majority failed to recognize and address the proper legal inquiry as laid out in my
 
 Thompson
 
 dissent; i.e., it failed to examine whether the landlord knew or should have known of the defect
 
 before
 
 leasing the property. However, unlike in
 
 Thompson
 
 -in which this Court has already once remanded for reconsideration-in the instant case, the Court of Appeals has not had the opportunity to reconsider its conclusion in light of clearly applicable legal principles. Moreover, the proper application of these principles in the instant case is somewhat less clear than in
 
 Thompson
 
 , given that plaintiffs here provided expert testimony (although arguably of insufficient precision) regarding the duration of the alleged defect, and the specific nature of that defect-corrosion of a water heater-seems somewhat more likely to have arisen over a substantial period of time than the defect in
 
 Thompson
 
 . While I am unsure whether this evidence gives rise to a genuine issue of material fact that the landlord should have known of this defect when the lease was signed four years before the injury occurred, the issue nonetheless is worthy of plenary appellate review under the
 proper legal standard. Accordingly, I would remand to the Court of Appeals for reconsideration in light of the legal framework set forth in my dissent in
 
 Thompson
 
 .